# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NATALIE GOLZER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | Case No: 09 C 1847<br><br>Magistrate Judge Jeffrey Cole |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Natalie Golzer, seeks an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, arguing that the Commissioner's position in denying her application for Supplemental Security Income ("SSI") was not substantially justified. She asks for an award of $11,691.50. [#29]. For the following reasons, the petition is granted in part.

The EAJA provides that a district court may award attorneys' fees where (1) the plaintiff is a "prevailing party"; (2) the government's position was not substantially justified; (3) no "special circumstances make an award unjust"; and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement. 28 U.S.C. § 2412(d)(1)(A), (B); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004). Costs are available under 28 U.S.C. § 2412(a)(1). Here, by virtue of the remand of his case, the plaintiff is the prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). There are no "special circumstances" alleged. *See Golembiewski*, 382 F.3d at 724; *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000). The plaintiff's application was timely filed and is supported by an

itemized statement. As to the final point – whether the government's position was substantially justified – the Commissioner's bears the burden of proof. *Scarborough v. Principi* 541 U.S. 401, 416 (2004); *Golembiewski*, 382 F.3d at 724. As the Commissioner concedes that issue here, the only point of contention is the amount of fees sought.

Although Local Rule 54.3, which covers motions for attorneys' fees and costs in the Northern District of Illinois, is mandatory, the parties have not complied with it. The rule, among other things, requires the parties to meet and resolve as many differences over fees as possible before formally applying to the court with a fee dispute. Local Rule 54.3; *Robinson v. City of Harvey, Ill.*, 617 F.3d 915, 918 (7th Cir. 2010). As a result of not having complied with the Rule, the fee petition needlessly used seven of nine pages to address an issue that was no issue at all: whether the Commissioner's position was substantially justified. The Rule should not be overlooked. *Elustra v. Mineo*, 595 F.3d 699, 710 (7th Cir. 2010)(enforcement of local rules within the court's discretion); *Schlacher v. Law Offices of Phillip J. Rotche & Associates, P.C.*, 574 F.3d 852, 859 (7th Cir. 2009).

As already noted, the Commissioner's only disagreement is with the amount of fees sought. In this regard, he contends that too many hours were billed. The plaintiff bears the burden of demonstrating that the amount of fees sought is reasonable. *Hensely v. Eckerhart,* 461 U.S. 424, 437 (1983). She asks for a total of $11,691.50 representing 66.8 hours of attorney work billed at $173.75 per hour, and one hour of legal assistant time billed at $85 per hour. The Commissioner questions the billing of 39.2 hours for two attorneys the plaintiff's brief, as the case did not present any unusual issues. This

2

does appear to be a greater amount of hours than the norm. *See Warren v. Astrue*, 2010 WL 5110217, *5 (N.D.Ill. 2010)(41 hours for entire case); *Hamrick v. Astrue*, 2010 WL 3862464, *3 (N.D.Ind.2010)(21.10 hours on opening brief); *Borth v. Commissioner of Social Sec.*, 2010 WL 3724804, *2 (C.D.Ill. 2010)(29.5 hours on opening brief); *Holland v. Barnhart*, 2004 WL 419871, *2 (N.D.Ill. 2004)(56.85 hours on 48 pages of briefing, compared to the plaintiff's 15-page opening brief here); *Anderson v. Barnhart*, 2006 WL 4673476, *5 (N.D.Ill. 2006)(28.6 hours on opening brief). Not even the cases in the plaintiff's reply brief allow nearly 40 hours to be compensable for an opening brief in a routine case. *Holland*, 2004 WL 419871, *2.

There was nothing out of the ordinary about this case, and plaintiff does not claim otherwise. Essentially, the plaintiff had a single medical problem: a back impairment. The 400 page record is, as these cases go, smaller than usual.[1] The first seven pages of the fifteen-page opening brief were a recitation of the factual record before the ALJ. The next eight pages advanced the customary arguments made in these cases: the ALJ ignored certain evidence, the ALJ failed to properly evaluate plaintiff's credibility as to pain, and the ALJ failed to properly consider medical opinions.

The authorities relied on were the ones routinely cited in cases such as this and were decided between 1986 and 2006. Most were decided before 2006. In other words, the cases that were cited would have been known to a lawyer experienced in Social Security litigation, and are the cases that are routinely relied on. While perhaps the

---

[1] By way of random comparison, the next several cases in the court's endless queue of disability appeals have longer transcripts, most significantly so: *Archer v. Cinatl*, 09-cv-4705 (611 pages); *Granados v. Astrue,* 09-cv-7600 (563 pages); *Vejvoda v. Astrue*, 09-cv-7877 (799 pages); *Spencer v. Astrue*, 09-cv-7499 (427 pages); *Jefferson v. Astrue*, 09-cv-7536 (528 pages); *Cinatl v. Astrue*, 10-cv-2399 (679 pages), *Pawlowski*, 09-cv-6484 (543 pages); *Logan*, 10-cv-5051 (1006 pages); *Lopez*, 10-cv-6516(467 pages); *Dirosa*, 10-cv-7243 (1938 pages).

lawyer doing the initial brief may not have known of them – although that seems unlikely given that experienced lawyers maintain databases of important and relevant cases – the question of reasonableness involves an objective analysis, the result of which is not dependent upon the actual amount of time spent. Rather, it depends upon the amount of time a reasonably knowledge lawyer in the field would have had to spend on a particular task.

With all deference, 39.2 hours for preparation of the opening brief is not reasonable. It is not because two attorneys worked on the brief and that plaintiff's senior counsel reviewed and edited the draft done by contract counsel. *(Plaintiff's Reply to Defendant's Response to Motion for Attorneys' Fees at 2)*. It is a fact of modern law practice that younger lawyers are charged with the preliminary work in any number of areas, including the preparation of briefs. Their work is then reviewed by a more senior attorney. This is a model not confined to lawyers. Judges quite properly do much the same thing with their law clerks. *See* Richard A. Posner, How Judges Think, 61,221, 286 (2008).

Many cases recognize that it is not a valid objection that more than one lawyer worked on a case. *See e.g., Holland v. Barnhart*, 2004 WL 419871 (N.D. Ill. 2004); *Steele v. Barnhart*, 2002 WL 31478268, *2 (N.D. Ill. 2002); *Lopez v. Shalala*, 1994WL 478547 (N.D. Ill. 1994). The question is whether the time expended by each is reasonable and not duplicative. Arbitrary and automatic percentile reductions are not proper. *Cf. Schulten v. Astrue*, 2010 WL 2135474 (N.D.Ill. 2010). In the instant case, 30 hours for the work done on the opening brief is reasonable and will be allowed.

The Commissioner also objects to the number of hours spent – 20.7– on plaintiff's reply brief, which the Commissioner contends was basically a reiteration of her opening brief. The plaintiff does not counter the Commissioner's contention that 20.7 was excessive for a ten-page effort that required little or no research beyond that already performed for the opening brief. 20.7 hours is out of line with what is generally allowed for reply briefs. *Anderson v. Barnhart*, 2006 WL 4673476, *5 (N.D.Ill. 2006)(10.3 hours for reply brief); *RJM v. Astrue*, 2009 WL 2382679, *2 (S.D.Ind. 2009)(reducing 10 hours sought for reply brief to 7.5); *Jenkins v. Astrue*, 544 F.Supp.2d 736, 742 (N.D.Ind. 2008)(7.7 hours for reply brief); *Lechner v. Barnhart*, 330 F.Supp.2d 1005, 1012 (E.D.Wis. 2004)(11 hours for reply brief); *Davis v. Barnhart*, 2004 WL 1899978, *3 (N.D.Ill. 2004)(10 hours on reply brief). The plaintiff will be allowed 12 hours for work done on the reply brief.

Thus, the total reduction amounts to $3,110.12, leaving a fee award of $8,581.38. This brings plaintiff's total fee award to $8,841.43, when the additional 1.4 hours sought for the EAJA reply brief is added. (*Reply* at 5-6). It also brings the award into line with the more recent awards in this district. *See Strocchia v. Astrue*, 2010 WL 5367634 (N.D.Ill. 2010)($4,242.18); *Holland v. Barnhart*, 2004 WL 419871(N.D.Ill. 2004)($8,049.71); *Warren v. Astrue*, 2010 WL 5110217 (N.D.Ill. 2010)($7,789.09); *Schulten v. Astrue*, 2010 WL 2135474 (N.D.Ill. 2010)($8,180.25); *Burke v. Astrue*, 2010 WL 1337461 (N.D.Ill. 2010)($9,538.50). Of course, every case is different and there are always outliers. *See Khoury v. Astrue*, 2010 WL 5110103 (N.D.Ill. 2010)($12,420.86). But here, the plaintiff simply did not demonstrate that this case was so out of the ordinary as to merit a substantial – about 40% – increase over what appears to be the norm.

## CONCLUSION

The plaintiff's petition for fees under EAJA [# 29] is GRANTED, and the plaintiff is awarded fees in the amount of $8,841.43.

August 25, 2011        **ENTERED:** _____
                        **UNITED STATES MAGISTRATE JUDGE**